JACK L. SCHUMAN AND WIFE JEAN O. SCHUMAN; LEONARD LAUFE AND WIFE SYMOINE LAUFE; HARVEY MANN AND WIFE RHODA MANN, PLAINTIFFS v. INVESTORS TITLE INSURANCE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. ROBERT EPTING, THIRD-PARTY DEFENDANT

JACK L. SCHUMAN AND WIFE JEAN O. SCHUMAN; LEONARD LAUFE AND WIFE SYMOINE LAUFE; HARVEY MANN AND WIFE RHODA MANN, PLAINTIFFS v. CHARLES G. BEEMER, CHARLES G. BEEMER, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION, AND ROBERT EPTING, DEFENDANTS

Nos. 8515SC773 and 8515SC796

(Filed 21 January 1986)

**Mortgages and Deeds of Trust § 11; Attorneys at Law § 5.1— negligence in drawing deed—not proximate cause of injury**

The trial court did not err by dismissing claims of negligence against the attorneys and a claim under a title policy against Investors Title Insurance Company where plaintiffs made a loan to Roger Baker, Inc. to purchase a tract of land; it was agreed that the loan would be secured by a deed of trust on the land which would be subordinated to a deed of trust to secure a construction loan from the Northwestern Bank; the deed was made to Roger Baker rather than to Roger Baker, Inc.; that deed and a deed of trust from Roger Baker, Inc. were recorded; a deed from Roger Baker to Roger Baker, Inc. was recorded a few days later; the deed of trust was not recorded a second time; Roger Baker, Inc. executed a deed of trust to the Northwestern Bank to secure a construction loan; that deed of trust was recorded and became a first lien on the property; Roger Baker, Inc. went into bankruptcy; Northwestern Bank's deed of trust was foreclosed, and the foreclosure sale did not bring enough to pay anything to plaintiffs. The attorneys' negligence did not make plaintiffs' position any worse than it would otherwise have been; plaintiffs would be in the same position even if the title was as it was insured to be; and the Northwestern Bank's lien would not have been affected by any fraud in the procuring of the subordination agreement to which Northwestern Bank was not a party.

APPEAL by plaintiffs from *Bowen (Wiley F.)*, and *Lane, Judges*. Judgments entered 18 May 1984, 28 February 1985, and 18 March 1985 in Superior Court, ORANGE County. Heard in the Court of Appeals 5 December 1985.

This action arose out of a real estate transaction in Orange County, North Carolina. A related case has been in this Court. *Schuman v. Roger Baker and Associates*, 70 N.C. App. 313, 319 S.E. 2d 308 (1984). The plaintiffs made a loan to Roger Baker, Inc. to purchase a tract of land. It was agreed that this loan would be secured by a deed of trust on the land and that the deed of trust

would then be subordinated to a deed of trust which would secure a construction loan from The Northwestern Bank. Robert Epting, an attorney, represented Roger Baker, Inc. at the closing when the land was purchased. Charles G. Beemer, an attorney, represented the plaintiffs at the closing. Mr. Beemer did not appear at the closing. The deed was made to Roger Baker, rather than to Roger Baker, Inc. Mr. Epting recorded the deed and a deed of trust from Roger Baker, Inc. to Mr. Beemer as trustee for the plaintiffs. A few days later a deed to the property from Roger Baker to Roger Baker, Inc. was recorded. The deed of trust from Roger Baker, Inc. in favor of the defendants was not recorded a second time.

Roger Baker, Inc. executed a deed of trust to The Northwestern Bank to secure the construction loan which was recorded and became a first lien on the property. Roger Baker, Inc. went into bankruptcy and The Northwestern Bank's deed of trust was foreclosed. The property was sold under the foreclosure and did not bring enough to pay anything to the plaintiffs.

The plaintiffs brought an action against Charles G. Beemer, Charles G. Beemer, P.A. and Robert Epting. They alleged that Charles G. Beemer did not exercise the standard of care normally exercised by attorneys practicing in the Chapel Hill area in that he allowed his clients' funds to be delivered to Roger Baker, Inc. without a deed of trust securing the indebtedness. As to Robert Epting the plaintiffs alleged that as an attorney representing Roger Baker and Roger Baker, Inc. he rendered legal services to which the plaintiffs were intended as beneficiaries. The plaintiffs alleged that for this reason he owed them the duty to exercise reasonable care and professional skill with respect to their interests. They alleged further that he failed to exercise reasonable care and skill by his failure to have the indebtedness to the plaintiffs secured by a deed of trust.

The plaintiffs brought a separate action against Investors Title Insurance Company. They alleged that Investors issued a title insurance policy to them which among other things insured that Roger Baker, Inc. had title to the property and that the deed of trust securing the indebtedness to them constituted a first lien on the property. The plaintiffs' action against Investors was tried and Judge Bowen directed a verdict against the plaintiffs at the end of their evidence.

Judge Lane granted defendant Epting's motion to dismiss under G.S. 1A-1, Rule 12(b)(6) and Judge Bowen granted defendant Beemer's motion for summary judgment. The plaintiffs appealed. This Court consolidated the cases for argument.

*Newsom, Graham, Hedrick, Bryson & Kennon, by William P. Daniell and Joel M. Craig, for plaintiff appellants.*

*Jordan, Brown, Price & Wall, by Charles Gordon Brown and William D. Bernard, for Charles G. Beemer and Charles G. Beemer, P.A., defendant appellees.*

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by George W. Miller, Jr. and Sherry R. Dawson, for Robert Epting, defendant appellee.*

*Mount, White, Hutson & Carden, P.A., by Richard M. Hutson, II and Stephanie C. Powell, for Investors Title Insurance Company, defendant appellee.*

WEBB, Judge.

We hold it was proper to dismiss the claims against the defendants Beemer and Epting. If both the attorneys were negligent in not seeing that Roger Baker, Inc. had title to the property before the deed of trust was recorded and the money disbursed, the plaintiffs still have to show that this negligence was a proximate cause of their injury. *Rorrer v. Cooke,* 313 N.C. 338, 329 S.E. 2d 355 (1985). If Beemer and Epting had not been negligent but had performed as plaintiffs intended them to do, the plaintiffs' deed of trust would have been subordinate to the deed of trust of The Northwestern Bank. The negligence did not make the plaintiffs' position any worse than it would have been if there had been no negligence. It is not a proximate cause of their injury. We do not pass on the question of whether Epting was under a duty to the plaintiffs.

We hold it was not error to dismiss the claim against Investors Title Insurance Company. The evidence showed that Investors issued a title insurance policy to plaintiffs which insured that the plaintiffs' deed of trust constituted a first lien on the property. There was an agreement between the parties that the lien created by the plaintiffs' deed of trust would be subordinate to a lien in favor of The Northwestern Bank. The policy excluded

Schuman v. Investors Title Ins. Co. and Schuman v. Beemer

from coverage "liens, encumbrances, adverse claims, or other matters . . . created, suffered, assumed or agreed to by the insured claimant." Since all the evidence showed that the policy excluded coverage for liens agreed to by the plaintiffs and the plaintiffs agreed to the lien in favor of Northwestern, the loss suffered by the plaintiffs on account of Northwestern's lien is excluded from coverage.

The plaintiffs argue that a title insurance policy insures against defects in title existing at the time the policy is written. They contend that the failure to record a deed to Roger Baker, Inc. at the time of the closing with the consequent failure of their deed of trust to secure the indebtedness to them was what caused the loss. They argue that this failure of the record title was insured by their policy and the agreement by which they consented that their lien would be subordinated to the lien of The Northwestern Bank was not the cause of the loss. For this reason they contend they should recover from Investors. We believe the answer to this argument is that if the record title had been as it was insured to be the plaintiffs would be in the same position in which they are. They were not damaged because the record title was not as it was insured to be.

The plaintiffs also argue that if they had gotten a first lien on the property at the time of the closing they could have challenged the subordination agreement on the ground of fraud by Roger Baker. They do not contend there was fraud on the part of The Northwestern Bank. If Roger Baker procured the subordination agreement through fraud to which The Northwestern Bank was not a party, it would not have affected Northwestern's lien. *See* 37 C.J.S. *Fraud* § 61 (1943). We do not believe the appellants were prejudiced by not being allowed to attack the subordination agreement.

Affirmed.

Judges BECTON and COZORT concur.